**Mark BASDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–92–234–CR.**

Court of Appeals of Texas,
Waco.

Aug. 25, 1993.

Rehearing Denied Sept. 22, 1993.

Debbie S. Holmes, Staff Atty., Inmate Legal Services, Huntsville, for appellant.

Gina M. Debottis, Atty. for State on Appeal, Special Prosecution Unit, Austin, for appellee.

Before THOMAS, C.J., and CUMMINGS, and VANCE, JJ.

**OPINION**

VANCE, Justice.

On July 16, 1992, a jury convicted Mark Basden of aggravated assault on a correctional officer and assessed punishment at fifty years imprisonment. *See* TEX.PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.1993). The court "stacked" this sentence on a prior conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1993). In his sole point, Basden complains of the court's order cumulating his sentence.

At the time Basden committed this aggravated assault, he was serving time on a fifty-year sentence for aggravated robbery.

While incarcerated for the robbery, but prior to this aggravated assault, Basden committed attempted capital murder. The relevant dates are:

Attempted capital murder (15 years):

Date offense committed: December 8, 1989

Date of conviction: January 22, 1991

Date of sentencing: January 22, 1991

Aggravated assault (50 years):

Date offense committed: October 10, 1990

Date of conviction: July 16, 1992

Date of sentencing: July 17, 1992

The fifteen-year sentence assessed for the attempted capital murder was ordered to run consecutively to the original fifty-year aggravated robbery sentence. The second fifty-year sentence was ordered to run consecutively to the fifteen-year sentence—giving Basden three consecutive sentences of fifty, fifteen, and fifty years. Basden's sole point is that the court erred in ordering the second fifty-year sentence to run consecutively to the sentence for attempted capital murder, because he was not yet serving time on it when he committed the aggravated assault.

Article 42.08 of the Code of Criminal Procedure governs the cumulation or "stacking" of sentences:

(a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. . . .

(b) If a defendant is sentenced for an offense committed while the defendant was a prisoner in the Department of Corrections and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

Tex.Code Crim.Proc.Ann. art. 42.08(a), (b).

Basden argues that the language in section (b) mandates that the court order the sentence to run consecutively with the only sentence he was serving at the time of this offense—the fifty-year sentence for aggravated robbery. He argues that, on the date he committed the aggravated assault, October 10, 1990, he was serving time on the aggravated robbery sentence and had not yet been convicted of the attempted capital murder. Therefore, he argues, section (b) requires that the new sentence run consecutively to his "current" fifty-year sentence, instead of consecutively to the fifteen-year sentence.

The State argues that such an interpretation of section (b) would give inmates with severe discipline problems license to continue committing additional crimes while incarcerated because the additional convictions would necessarily be served concurrently with each other. Thus, these inmates serving lengthy "original" sentences would have no incentive to behave.

The Fourteenth Court, in dicta, stated: "The obvious intent of the legislature in passing article 42.08(b) was to deter criminal activity by those individuals who are already serving time. Neither the constitution nor public policy sanctions a result whereby individuals can commit crimes with impunity simply because they are in prison." *Cruz v. State*, 838 S.W.2d 682, 687–88 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd) (defendant argued article 42.08(b) violated Eighth Amendment).

We agree. Section (a) of article 42.08 allows the court discretion in ordering subsequent sentences to be served consecutively or concurrently. Tex.Code Crim.Proc.Ann. art. 42.08(a). Section (b) gives the court no such discretion, mandating that the court "shall" order consecutive sentences. *Id.* 42.08(b). Clearly, the purpose of the statute is to require consecutive sentences when offenses are committed in prison. Thus, the court did

not err in ordering the punishment in this case to run consecutively to the punishment assessed in the attempted capital murder. We overrule the point and affirm the judgment.