Rudd v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-172 -CR

     OTIS RUDD,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 9179
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Rudd appeals his conviction for aggravated assault with a deadly weapon on a
correctional officer. The jury found two prior felony enhancements to be true and assessed his
punishment at thirty years in the Texas Department of Criminal Justice.
      Appellant is an inmate at the Ferguson Unit of the Texas Department of Criminal Justice in
Madison County. On October 22, 1992, Officer Pugh, a correctional officer, was serving punch
to the inmates as a part of the noon meal. When he reached Appellant's cell, he was stabbed by
Appellant with a homemade weapon sharpened to a point on one end. The officer suffered a
puncture wound to his side which required medical attention.
      Appellant was indicted for and convicted of aggravated assault on a correctional officer and
assessed thirty years in prison.
      The State offered evidence that Appellant stuck a pole out of his prison cell that had a sharp
point and stuck officer Pugh. On cross examination the witness agreed that inmates often use such
poles to retrieve objects. Appellant did not testify. The prosecutor argued to the jury at the
conclusion of the guilt-innocence phase:
And where there is no justification whatsoever -- and by the way, there's no self
defense in the Court's charge. But where is there any justification for what Otis
Rudd did to Dennis Pugh when he walked by there . . .
Appellant contends the above argument was a comment on Appellant's failure to testify. 
      The prosecutor's argument that there was no justification for Appellant's actions was not a
comment on Appellant's failure to testify, but rather, it was a response to Appellant's suggestion
that there was justification for his actions.
      The test to determine whether a prosecutor's comment is an improper comment on a
defendant's failure to testify is whether the language used was manifestly intended or was of such
character that the jury would naturally and necessarily take it to be a comment on the accused's
failure to testify. Allen v. State, 693 S.W.2d 380, 385 (Tex. Crim. App. 1984). We hold that the
prosecutor's remarks were not a comment on Appellant's failure to testify.
      Further Appellant did not object to the argument. Any impropriety in the prosecutor's jury
argument is waived by the accused's failure to make a proper, clear, and timely objection. Euziere
v. State, 648 S.W.2d 700, 703 (Tex. Crim. App. 1983).
      Point one is overruled.
      Point two: "The trial court erred in ordering Appellant's sentence to run consecutive to
another sentence which Appellant was not serving at the time of the offense."
      Appellant was serving a 15-year sentence from Dallas County at the time of the offense. In
a later conviction for an offense committed while in prison and while appellant was still serving
the 15-year sentence, Appellant received a two and one-half years sentence which was ordered to
be consecutive to the 15-year sentence, i.e., to commence at the conclusion of the 15-year
sentence.
      The trial judge in the instant case sentenced Appellant to thirty years to commence when he
completed the two and one-half-year sentence which he had not begun to serve. Appellant
contends that the Texas Code of Criminal Procedure article 42.08 precludes the trial court's
action. Article 42.08 governs the cumulation of sentences and provides:
(a) Where the same defendant has been convicted in two or more cases, judgment and
sentence shall be pronounced in each case in the same manner as if there had been but
one conviction. Except as provided in (b) and (c) of this article, in the discretion of the
court, the judgment in the second and subsequent convictions may either be that the
sentence imposed or suspended shall begin when the judgment and sentence imposed or
suspended in the preceding conviction has ceased to operate, or that the sentence imposed
or imposed or suspended shall run concurrently with the other case or cases, and sentence
and execution shall be accordingly . . . .
(b) If a defendant is sentenced for an offense committed while the defendant was an
inmate in the Department of Corrections and the defendant has not completed the
sentence he was serving at the time of the offense, the judge shall order the sentence for
the subsequent offense to commence immediately on completion of the sentence for the
original offense.
Basden v. State, 860 S.W.2d 725 (Tex. App.—Waco 1993), and Coleman v. State, S.W.2d 
 (Tex. App.—Tyler 1993), both hold that Article 42.08(a)(b) provides for the stacking of
sentences imposed for offenses committed while an inmate is incarcerated. The Texas Court of
Criminal Appeals affirmed both Basden and Coleman February 8, 1995.
      The trial court did not err in ordering Appellant's sentence to run consecutive to the sentence
he received in Anderson County, but had not begun to serve at the time of the offense in this case.
      Point two is overruled. The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 19, 1995
Do not publish