**Don H. WEAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44104.**

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

Rehearing Denied Nov. 23, 1971.

Phill R. Pickett, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Campion, R. Norvell Graham, and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. Two prior convictions for offenses less than capital were alleged for enhancement. Only one prior conviction for an offense of a similar nature was submitted to the jury. The punishment was assessed at twelve years under Article 62, Vernon's Ann.P.C.

The sufficiency of the evidence and the legality of the arrest are attacked.

We affirm.

In early morning hours of August 31, 1969, a window of the Liberal Loan Company in San Antonio was broken and some items taken. Dennis Merritt, a military policeman, testified that three girls pulled

alongside his patrol car and said they had just seen a man breaking a window and taking things out of the store. Merritt parked his car, got out and chased the appellant, the man the girls pointed out. Merritt caught, handcuffed and held appellant until a police officer arrived. During the chase, the appellant fell in a parking lot and dropped three pair of sunglasses, two pair of binoculars and one slide rule. These items were identified by the manager of the loan company as those taken from the store.

Rosemary Campos testified that she heard glass breaking and saw the appellant taking things out of the window. Mary Alice Cortinas testified that she heard glass break, saw the appellant walk away from the window with his arms crossed and then run. Stella Flores testified that, although she heard no glass breaking, her attention was drawn to the appellant from the exclamations of the above witnesses and saw him walking away from the window appearing to be carrying something in his arms. Larry Feille testified that as he was driving home that same morning he heard glass break. He looked in the direction of the sound to see the appellant who was by himself apparently taking articles out of the window.

The trial court issued a bench warrant for Robert Jackson, an inmate of the Texas Department of Corrections, as a witness for the appellant. Jackson testified that it was he who broke the window at the loan company, took the items, and dropped them in the parking lot as he ran away to hide.

Appellant contends that the evidence is insufficient to support the conviction and that the jury verdict is contrary to the law and evidence in that no direct eyewitness testimony exists that appellant committed the burglary and there is direct evidence by another person that he committed the act. The jury evidently chose not to believe Jackson's testimony that he, not the appellant, committed the burglary. There was sufficient evidence, much more than in

most cases, for the jury to conclude that the appellant committed the burglary.

Next, it is contended that Merritt, as a military policeman, did not have the right to arrest appellant. Assuming that Merritt had no more right than any other citizen to arrest the appellant, this contention will be discussed.

Article 18.22, V.A.C.C.P., provides:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

■ Under this statute the trial court had sufficient evidence to conclude that Merritt had reasonable grounds to suppose that the property had been stolen and the right to hold the appellant for a peace officer. This contention is overruled.

Appellant has filed a pro se brief where he makes many contentions. Two of his contentions will be discussed.

First, he questions the sufficiency of the indictment to support the enhanced punishment under Article 62, V.A.P.C. He contends that his former conviction for robbery by assault and burglary with intent to commit theft are not of the same nature.

■ In Davis v. State, 167 Tex.Cr.R. 524, 321 S.W.2d 873, this Court held burglary with intent to commit theft and robbery by assault to be offenses of the same nature. The gravamen of each offense is the wrongful taking of personal property without the consent of the owner. See Flores v. State, 145 Tex.Cr.R. 134, 166 S. W.2d 706; Schmeideberg v. State, Tex. Cr.App., 415 S.W.2d 425, and Johnson v. State, Tex.Cr.App., 463 S.W.2d 736. The indictment is sufficient to support the enhanced punishment.

■ Appellant also complains of the trial court's refusal to admit into evidence a tape recording of the examining trial proceedings. This recording was offered at appellant's hearing on his motion to suppress for the purpose of showing an illegal arrest. Appellant's pro se brief asserts a change in the testimony of witnesses Feille and Merritt from the examination to the trial on the merits apparently for the purpose of impeachment. No proper predicate was laid for this purpose since neither witness at the trial on the merits was asked if his testimony at the examining trial was different from his present testimony and no attempt was made to show this. The trial court did not err in overruling appellant's motion.

No error is shown. The judgment is affirmed.