Douglas Wayne GOODRICH, Appellant,

v.

The STATE of Texas, Appellee.

No. 62148.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 12, 1982.

J. R. Musslewhite, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann and Paul Schiffer, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary of a motor vehicle. The punishment is imprisonment for six years.

The appellant in his only ground of error complains that error occurred when the prosecutor used a prior void conviction to impeach the appellant's testimony during the guilt-innocence stage of the trial. Specifically, appellant contends that in the prior conviction he was charged with burglary of a motor vehicle but pled guilty to theft. He asserts that based upon our holding in *Franks v. State*, 516 S.W.2d 185 (Tex.Cr. App.1974), theft is not a lesser included offense of burglary of a motor vehicle, therefore, the conviction for theft is void.

Initially we note that when the State sought to impeach the appellant's testimony through evidence of the prior conviction, the appellant only made a general objection that such questions were immaterial. The failure to offer a specific objection to the admission of the evidence presents nothing for review. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974).

Additionally, the record fails to contain a copy of the original information or the subsequent judgment and sentence. All that we can glean from the record is that the appellant was initially charged by felony information with burglary of a motor vehicle and it was "reduced" to misdemeanor theft. We cannot tell from the record present whether a second information alleging only theft was made. Furthermore, if the original information alleging burglary of a motor vehicle also alleged theft, theft would be a properly included lesser offense.

*Ex parte Sewell*, 606 S.W.2d 924 (Tex.Cr. App.1980); *Hardin v. State*, 458 S.W.2d 822 (Tex.Cr.App.1970). The appellant's failure to offer proof that the prior conviction was void presents nothing for review. See *Jenkins v. State*, 488 S.W.2d 130 (1972).

Finally we conclude that the error, if any, in impeaching the appellant with this prior conviction was harmless beyond a reasonable doubt. The evidence of guilt is overwhelming; the appellant admitted committing the offense. The appellant's testimony was also impeached with a felony conviction from Florida. During the punishment phase of the trial two other felony convictions for forgery from Ohio were also admitted in evidence. Any erroneous impeachment of appellant was harmless beyond a reasonable doubt. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977) (Opinion on Rehearing.)

The judgment is affirmed.