**Roderick Dwayne ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–1109–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1990.

Terrence Gaiser, Houston, for appellant.

John M. Bradley, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a conviction for actual transfer of cocaine. The jury found appellant guilty and assessed punishment at 15 years confinement in the Texas Department of Corrections and $5,000 fine. Appellant raises two points of error contending the trial court improperly sustained the state's objections to the questioning of a witness about prior inconsistent testimony. We affirm.

The sufficiency of the evidence is not challenged. Appellant contends that the trial court committed reversible error by excluding the entire written transcription of the testimony of officer J.E. Williams taken at an examining trial as extrinsic evidence of a prior inconsistent statement and by excluding his testimony at trial as to a prior inconsistent statement from the examining trial. A review of Williams' testimony is required.

### Williams' Direct Testimony

On June 26, 1988, Williams traveled through a residential area in an unmarked vehicle and noticed a group of 3 or 4 black males congregated on the side of a street. The neighborhood was known for drug trafficking. Williams lowered his window and asked, "Who's got a rock out here?" Appellant responded, "I can take you where you can get some. I'm going to have to get in the car with you and take you around the corner to this apartment project." Appellant got into Williams' car and drove with him to an apartment complex on Dixie Drive. There, at appellant's request, Williams parked in the parking lot and gave appellant $25. Appellant got out of the car, went to an upstairs apartment, knocked on the door, gave someone money, received something, returned to the car and gave Williams a small packet. During appellant's trip to the apartment, Williams remained in the car facing away from appellant. Williams had to turn his head all the way around to see the transaction. However, he claimed he saw appellant the entire time.

Williams returned appellant to the original location, dropped him off, drove to a "cool spot" and radioed for an arrest team, gave a description of appellant and requested HPD to arrest him. Williams identified appellant at the police station and turned the evidence over to a member of the arrest team. This evidence tested positive for cocaine and weighed less than 28 grams.

### Williams' Cross Examination

During cross examination, Williams' testimony differed from the direct testimony of the previous day. Williams testified that appellant came down from the apartment where he picked up the cocaine, went around the side of the building and conducted another transaction out of Williams' sight. He testified that appellant sold someone else cocaine before returning to the car with the package for Williams. This was totally inconsistent with his direct testimony when he twice testified he had appellant in his sight the entire time and that appellant returned straight to Williams vehicle.

### Williams' Redirect

Williams testified on redirect examination that when appellant returned to the car from the first transactions, he had a baggie of crack for Williams and another one for the "other person that was stand-

ing there." Again, this is totally different testimony from the direct and the cross examination testimony.

*Williams' Recross*

Williams then testified that the person who was "standing there," was the same person who was standing with the appellant when the officer picked up the appellant. This person said he wanted a "rock" too and went with appellant and Williams to the apartments on Dixie Drive. When appellant left, the other person stood by the car until appellant returned. Appellant then gave the other person a "rock" and he left.

Williams was asked if he remembered the examining trial held earlier in this case. He answered that he did. The following are excerpts from the subsequent exchange:

> Question: Do you remember being asked the question whether you were employed as a police officer on June 26th, 1988.
>
> Answer: Yes, sir.
>
> Question: What was your answer?
>
> Ms. Zummo: [The prosecutor] Objection, Your Honor. TEX.R.CRIM.EVID. 612 is specific about the method of this. It's not being followed.
>
> The Court: Sustained.
>
> Mr. Dailey: [Appellant's Counsel] May I approach the witness?
>
> The Court: Yes, Sir.
>
> Q. Look at this. Take that in your hand, sir. Look at that. Read that and see if any of that sounds familiar to you.
>
> Ms. Zummo: Object. Improper under TEX.R.CRIM.EVID. 612.
>
> The Court: Overruled.
>
> A. "The following testimony are those requested excerpts taken from"—
>
> Ms. Zummo: Object to the witness reading from the document not in evidence, Your Honor.
>
> The Court: Read it to yourself.
>
> Q. Read that over, sir, and see if those questions and the answers there are familiar to you.
>
> A. When I finish reading one page, you want me to turn the next page?

> Q. Surely.
>
> A. (Witness complies.)

A short recess was then taken due to smoke in the courtroom after which the jury returned to the jury box.

> Q. Mr. Williams, have you had an opportunity to look at Defendant's 1? (Defendant's attorney referred to the statement of facts from the examining trial.)
>
> A. Yes, sir, some of it.
>
> Q. What haven't you looked at?
>
> A. Probably the last page.
>
> Q. Well, look at the last page then.
>
> A. (Witness complies.)
>
> Q. Now, have you looked at all of it?
>
> A. Yes, sir.
>
> Q. Do you recall being asked those questions back on August 11, 1988?
>
> A. Yes, sir.
>
> Q. You recall giving those answers on August 11th, 1988?
>
> A. Yes, sir.
>
> Q. All right. And how do you explain to the jury the difference in these questions and answers and the answers you've given them over the last two days here?
>
> A. Well—
>
> Ms. Zummo: Objection, Your Honor. This is not proper under TEX.R.CRIM.EVID. 612.
>
> The Court: Sustained.
>
> Mr. Dailey: I'll offer Defendant's 1.
>
> Ms. Zummo: Objection, Your Honor, TEX.R.CRIM.EVID. 612 provides specific ways to do this; and this is not being followed. This contains hearsay.
>
> The Court: Sustained.
>
> Q. All right. When you testified yesterday, you said you went to work at noon; is that right?
>
> A. That particular day, yes, sir.
>
> Q. What does this say? What time? (showing Defendant's 1 to the witness).
>
> Ms. Zummo: Objection, Your Honor. It's not proper under TEX.R.CRIM.EVID. 612.
>
> The Court: Sustained.
>
> Q. And you said that you took Roderick Allen to an address on Dixie Drive

when you testified yesterday and again this morning, didn't you?

A. Yes, sir.

Q. And what does this say you did?

Ms. Zummo: Objection, Your Honor, not proper under TEX.R.CRIM.EVID. 612.

The Court: Sustained.

Q. And you said in your testimony today—you didn't say yesterday—but today in your testimony you said that another individual was there and that Roderick Allen sold or delivered some narcotics to that person, didn't you?

A. Yes, sir.

Q. And what does it say about that in here?

Ms. Zummo: Objection, Your Honor, not proper under TEX.R.CRIM.EVID. 612.

The Court: Sustained.

Ms. Dailey: Pass the witness.

Ms. Zummo: No questions.

The Court: You can step down, Officer.

The appellant testified that he was on the street that day but he denied buying or selling cocaine. He testified that a person named Baba told Williams he could get him a rock, and it was Baba who went with Williams to Dixie Drive.

Texas Rules of Criminal Evidence 612(a) states as follows:

> In examining a witness concerning a prior inconsistent statement made by him, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be shown to him at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted.

TEX.R.CRIM.EVID. 612(a).

The general theory of this kind of evidence is the same as that of contradiction by other witnesses, i.e., discredit or im-

peach the witness. If the witness has lied or has faulty memory on one point, it may be inferred that he has also lied or is mistaken on other matters. 1 McCormick and Ray, TEXAS PRACTICE: LAW OF EVIDENCE, Inconsistent Statements chap. 10, § 687 (1980).

Unlike the Federal Rule, Texas adheres to and maintains its well settled common-law rule that a foundation must be laid before impeaching a witness with his prior inconsistent statement. *See* 33 Goode, Wellborn and Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal,* § 613.4 (1988); *E.g., Moore v. State,* 652 S.W.2d 411, 413 (Tex.Crim.App.1983) (before a witness may be impeached by a prior inconsistent statement, it is necessary to lay a proper predicate). The predicate consists of asking the witness whether he made the alleged contradictory statement. This puts the witness on notice that the statement will later be used against him. He is then given an opportunity to deny it and prepare to disprove it, or if he admits making it, to explain the statement. McCormick and Ray, *supra,* § 692, at 632–3. Appellant asked the witness if he was asked "those questions" and "giving those answers" on August 11th, 1988 and the witness admitted that he did. The witness was not asked if his testimony at the examining trial was different from his trial testimony. Even if the examining trial testimony was inconsistent, the witness unequivocally admitted making the statements. Therefore, it was not error for the Court to exclude Defendant's Exhibit No. 1. TEX.R. CRIM.EVID. 612(a); *McGary v. State,* 750 S.W.2d 782, 786–87 (Tex.Crim.App.1988). Furthermore, it was not error for the Court to exclude portions of the testimony of the officer from the examining trial. Specifically, appellant complains that the officer's prior testimony would show that it contained no reference to a third party and no reference to driving to any apartments on Dixie Drive with appellant. The witness was asked "What does this say?", "What does this say you did?" and "What does it say about that in here?". The witness was

never asked if his prior statement was silent in the respects complained about or why he failed to testify at the examining trial concerning those matters. Appellant simply failed to lay the required predicate. *Weaver v. State*, 472 S.W.2d 518 (Tex.Crim. App.1971).

The judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent.

Appellant asked state's witness, Officer Williams, if he had made the prior contradictory statements and the witness admitted that he did. Yet, the trial court refused to allow him to explain those discrepancies. This is error. TEX.R.CRIM.EVID. 612(a).

The State's trial objections that appellant was not following the requirements of TEX. R.CRIM.EVID. 612, were not proper objections because they lacked specificity. *See Goodrich v. State*, 632 S.W.2d 349 (Tex. Crim.App.1982). These objections were not specific and failed to state which aspect of TEX.R.CRIM.EVID. 612 was purportedly not being followed. Further, the State's hearsay objection should have been overruled because the prior statements were not hearsay because they were offered to show the *inconsistency* and not as proof of the statements themselves. Also *see* TEX.R. CRIM.EVID. 801(e)(1)(A).

In order to establish the predicate to impeach Williams, appellant was not required to recite the exact words used in the inconsistent testimony in order to cross examine Williams about such inconsistencies. TEX.R.CRIM.EVID. 612 does not require a particular question reciting specific words when providing the predicate. Also, the absence of a particular form of rule 612's predicate does not take precedence over the substance presented and appellant's right to a fair trial. *See generally* TEX.CODE CRIM.PROC.ANN. articles 1.03, 1.04 and 1.05 (Vernon 1977). All that TEX.R. CRIM.EVID. 612 requires is that the witness be warned that counsel intends to question him about prior contradictory statements and their contents, as well as the timing and location of those statements, such that there is sufficient certainty to make the witness aware of the particular statements. Clearly, appellant tried to meet this requirement. Williams was told the contents of the statement and was allowed to read his prior inconsistent testimony. Appellant set the date of Williams' prior statements by asking Williams if he recalled his August 11, 1988 testimony. Further, by asking Williams to explain the difference in the August 11 examining trial testimony and his testimony during the past two days of trial, appellant called the witnesses' attention to the contradictory statement. When the court continually sustained non-specific objections, appellant tried to have Williams read his prior testimony aloud. Lastly, when all other attempts to question Williams about his prior inconsistent testimony failed, appellant tried to introduce the prior testimony pursuant to TEX.R.CRIM. EVID. 612.

In summary, appellant tried to lay the predicate three separate ways: (1) he tried to have Williams testify and explain the prior inconsistencies; (2) he tried to have Williams read his prior testimony into the record; and (3) he tried to introduce the prior inconsistent statement into evidence. There was nothing further appellant could have done to lay the proper predicate to impeach the witness; therefore, the court erred.

Additionally, the requirement of materiality and harm were met because the witness's stories differed as to the place, time and identity of the persons involved in the alleged-crime. These facts are material because they are the elements of the crime with which appellant was charged and thereby critical to the States' burden of proof. *See* TEX.CODE CRIM.PROC.ANN. articles 21.02 and 21.03 (Vernon 1989). Further, Officer Williams' credibility was essential to the States' case as he was the only fact witness who testified against the appellant. Therefore, inconsistencies in Williams' testimony were absolutely essential to appellant's defense that Williams purchased cocaine from another person and that the arresting officers, who did not

participate in the transaction, mistook appellant as that person. The jury was wrongfully deprived of the opportunity to test the credibility of Officer Williams.

Appellant also met the inconsistency requirement of TEX.R.CRIM.EVID. 612. Williams originally stated that he was the only person to whom appellant sold drugs. However, in later testimony he stated that appellant also sold drugs to some unknown third party. To fulfill the inconsistency requirement of TEX.R.CRIM.EVID. 612, the witness's stories need not *directly* contradict each other. Inconsistency may be found in evasive answers, inability to remember, silence or *changes of position. U.S. v. McCrady,* 774 F.2d 868, 873 (8th Cir.1985). Witness testimony may also be impeached with prior statements that are inconsistent with the "impression" created by the testimony. *Pyles v. State,* 755 S.W.2d 98, 115 (Tex.Crim.App.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Therefore, Williams' statements substantiated the inconsistency requirement of TEX.R.CRIM.EVID. 612. Although TEX.R.CRIM.EVID. 612 provides that a witness may be *cross-examined* as to prior inconsistent statements, it was permissible for appellant to ask Williams on cross-examination about inconsistent statements in order to lay a predicate for impeachment. McCormick and Ray, *supra,* § 693, at 633–4.

The state argues that the instant case is controlled by *Ellingsworth v. State,* 487 S.W.2d 108 (Tex.Crim.App.1972) and *Weaver v. State,* 472 S.W.2d 518 (Tex.Crim.App. 1971). Both defendants in those cases tried to introduce examining trial testimony for impeachment purposes. The trial court sustained objections to the introduction of that evidence and the Court of Criminal Appeals affirmed. However, in both cases no questions were asked of the witnesses before the defendant attempted to introduce the inconsistent testimony. These cases are inopposite as there was no *attempt* to lay the required predicate. *Ellingsworth,* 487 S.W.2d at 112; *Weaver,* 472 S.W.2d at 520.

I find it was error for the court to sustain the state's objections and to deny proper cross-examination of Williams about his prior inconsistent testimony. The majority has placed form over substance, allowed the trial court to sustain objections that are improper and incomplete, and that fail to put the appellant on notice of how he has failed to lay the proper predicate per TEX.R. CRIM.EVID. 612(a).

I also find that harm resulted because a reasonable doubt exists as to whether this error contributed to appellant's conviction. I would reverse and remand to the trial court for a new trial. TEX.R.APP.P. 81(b)(2).