TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00626-CR







Anthony Eugene Miller, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 20,096, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







 A jury found appellant guilty of the offense of indecency with a child. See Tex. Penal
Code Ann. § 21.11(a)(1) (West Supp. 2001). The district court sentenced appellant to five years in
prison. Raising three points of error, appellant contends that the district court erred by allowing the
State to comment on appellant's failure to testify and erred by denying appellant's request to
introduce testimony that one of the State's witnesses had made a prior inconsistent statement. We
affirm the district court's judgment. 




Background


 The complainant, a fourteen-year-old girl at the time of the incident, and appellant
were the only two people in the complainant's bedroom on the night in which she claimed appellant
touched her left breast. The complainant was fifteen when she testified at trial about the incident.
In presenting his defense, appellant called several witnesses who testified about events that occurred
before and after the alleged indecent act but appellant chose to rely on his constitutional right to
remain silent. 




Discussion


Comments on Defendant's Failure to Testify

 In his first and second points of error, appellant contends that twice during closing
remarks to the jury, the State improperly commented on appellant's failure to testify. 

 The four permissible areas of jury argument are: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answers to arguments from the defense; and (4) pleas
for law enforcement. Smith v. State, 898 S.W.2d 838, 845 (Tex. Crim. App. 1995). The failure of
an accused to testify may not be the subject of comment by the prosecution. Montoya v. State, 744
S.W.2d 15, 34 (Tex. Crim. App. 1987) (op. on reh'g); Lopez v. State, 793 S.W.2d 738, 741 (Tex.
App.--Austin 1990, pet. dism'd); see also Bustamante v. State, No. 1954-99, 2001 Tex. Crim. App.
LEXIS 46, *6-7 (Tex. Crim. App. June 13, 2001) (comment by trial judge on defendant's failure to
testify). Such a comment is in violation of the privilege against self-incrimination contained in the
Fifth Amendment to the United States Constitution and in Article I, Section 10 of the Texas
Constitution. Griffin v. California, 380 U.S. 609 (1965); Allen v. State, 693 S.W.2d 380, 381 (Tex.
Crim. App. 1984) (op. on reh'g). Further, comments by the prosecutor referring to a defendant's
failure to testify also violate article 38.08 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 38.08 (West 1979); Montoya, 744 S.W.2d at 34. A violation occurs when a
prosecutor makes remarks that are manifestly intended or are of such character that the jury would
naturally and necessarily consider them to be a comment on the accused's failure to testify. Allen,
693 S.W.2d at 385. The prosecutor's remarks must be viewed from the standpoint of the jury, and
there must be a clear implication that the language used referred to the accused's failure to testify. 
Dickinson v. State, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984). It is not sufficient that the
language might be construed as an implied or indirect allusion to the defendant's failure to testify. 
Montoya, 744 S.W.2d at 35. In applying this standard, the facts and circumstances of each case must
be analyzed to determine whether the language used was improper. Id. 

 Appellant's first issue complains of the following remarks by the prosecutor made
during the State's rebuttal to appellant's closing argument: "[S]he is the only one that came in here
and told you what happened. All the evidence in this case came from her." Appellant argues that
these remarks were an improper comment on his failure to testify, were harmful and his case should
be reversed and remanded for a new trial. Appellant contends that the remarks were similar to those
made by the prosecutor in Norton v. State, 851 S.W.2d 341, 344 (Tex. App.--Dallas 1993, pet.
ref'd). In Norton the prosecutor commented, "There were only two people there and we heard from
one of them." Id. The Dallas court of appeals reversed Norton's conviction after determining that
these remarks were an improper comment on Norton's failure to testify and were harmful. Id. 

 The State argues that unlike the facts in Norton, appellant's attorney in his closing
argument first brought up the fact that the complainant was the only witness to the alleged indecent
act. The State contends that the prosecutor's remarks were responsive to appellant's initial
comments that there was only one witness and were a response to appellant's complaints about the
complainant's credibility. Additionally, the State argues that as evidenced by the argument the
prosecutor made immediately following the remarks, the prosecutor was letting the jury know that
it would have to evaluate the fifteen-year-old complainant's testimony. 

 During appellant's closing argument his attorney stated:


Defense Attorney: I can tell you that [the district attorney] would not be bringing
this case against Anthony Miller to you if he wasn't relying on the fact that it's
Anthony Miller and it's not our sons and our daughters with one witness being his
primary witness. The fact--this is not anything that's unnoticeable-that there's no
chair back here with anybody that you can interpret as a support system in the
community for Anthony [Miller]. 



Later during closing argument, the defense attorney made the following comment:



Defense Attorney: You are told in [the charge] that you are the sole judge of the
credibility to be given to the witnesses. You're the only witness-when the state has
only one major witness that will pin a felony conviction that, as Mr. Lewis told you,
carries two to twenty, that case should be beyond reproach. 



The following exchange occurred when the prosecutor argued in rebuttal:



Prosecutor: If you can't make the State look bad, then you make the witness look
bad. A 14 year old, 15 year old girl. She is the only one that came in here and told
you what happened. All of the evidence in this case came from her. 


Defense Attorney: Objection, Your Honor. . . . It's a comment on the Defendant's
failure to testify.


The Court: Overruled.


Prosecutor: You've got to look at her. It is her testimony. Pick her apart, make her
look bad. Make her account for everything she didn't put in her statement back in
November at the age of 14. Make her account because she doesn't remember
everything today exactly the way it may have happened or when she made her
statement. 



 It is well-settled that the prosecutor may respond to jury argument by defense counsel
so long as the response does not exceed the scope of the invitation. Andujo v. State, 755 S.W.2d
138, 144 (Tex. Crim. App. 1988); Johnson v. State, 611 S.W.2d 649, 650 (Tex. Crim. App. 1981). 
The invitation may even include a comment on the defendant's failure to testify. Porter v. State, 601
S.W.2d 721, 723 (Tex. Crim. App. 1980); see also Nethery v. State, 692 S.W.2d 686, 703 (Tex.
Crim. App. 1985). 

 Unlike the facts in Norton, appellant's defense attorney stressed to the jury twice
during his closing argument that in this case there was only one witness to the alleged indecent act.
The prosecutor responded and restated what the defense attorney had already argued to the
jury--there was only one witness--when he stated, "[S]he is the only one that came in here and told
you what happened. All the evidence in this case came from her." The prosecutor's remarks did not
exceed the scope of a proper response to the defense attorney's argument. Appellant's first issue is
overruled.

 Appellant's second issue complains of the following statement by the prosecutor made
during the State's rebuttal to appellant's closing argument: "[N]obody else has come in here and said
that she had on tight jeans that night. Nobody has come in here and said . . . ." Appellant contends
that these remarks also were improper comments on his failure to testify. 

 The State responds that although it is possible to view the prosecutor's remarks as
directed toward appellant's failure to testify, it is more likely that the prosecutor was pointing out that
in fact none of the witnesses testified about how the complainant was dressed that night;
consequently, the remarks were not necessarily a comment on appellant's failure to testify. 

 The test to determine if the State's argument was improper is whether the remarks
were manifestly intended or were of such character that the jury would naturally and necessarily take
them to be a comment on the accused's failure to testify. Bird v. State, 527 S.W.2d 891, 894 (Tex.
Crim. App. 1975). In applying this test, the facts and circumstances of each case must be analyzed. 

 The record here reveals that there were other people who testified that saw the
complainant the night of the alleged indecent act. The defense attorney did not question them about
how the complainant was dressed the night of the alleged indecent act. The jury, consequently, could
have inferred that the prosecutor was referring to someone other than the appellant in his remark that
no one else testified that the complainant was wearing tight jeans. 

 If the comment, in light of the entire evidentiary record, could be interpreted as
referring to the defense's failure to present available evidence from sources other than the accused,
reversible error is not presented. Milton v. State, 620 S.W.2d 115, 116 (Tex. Crim. App. 1980). The
possible existence and availability of such other sources must be affirmatively reflected in the
evidence before the jury. The State is not permitted to conjure up the existence of some phantom
witnesses and then castigate the defense for having failed to summon them to testify. Montoya, 744
at 33. If the evidence does not raise the existence and availability of such witnesses other than the
accused, then the indirect comment must necessarily refer to the defendant's failure to testify. Myers
v. State, 573 S.W.2d 19, 20 (Tex. Crim. App. 1978). 

 The possible existence and availability of sources of evidence for the comment other
than the defendant are not to be considered as a comment on the defendant's failure to testify.
Anderson v. State, 813 S.W.2d 177, 181 (Tex. App.--Dallas 1991, no pet.); Rodriguez v. State, 787
S.W.2d 504, 506 (Tex. App.--El Paso 1990, no pet.). Where there is other evidence, or the absence
of other evidence, to which remarks may reasonably have been applied by the jury, the prohibition
against commenting on the defendant's failure to testify is not violated. Brown v. State, 475 S.W.2d
761 (Tex. Crim. App. 1971).

 The record reflects that several witnesses were with the complainant at different times
during the night of the alleged indecent act. The defense attorney could have elicited testimony from
them about what the complainant was wearing the night of the alleged indecent act. The defense
attorney, however, did not question them about the complainant's attire. Due to the existence and
availability of sources other than appellant for the remarks leads us to conclude that the remarks were
not necessarily a comment on appellant's failure to testify. Appellant's second issue is overruled.


Prior Inconsistent Statement

 In his third issue appellant contends that the court erred in disallowing testimony
before the jury by Joe and Sandra Uher, neighbors of the complainant, that showed "that [the
complainant's father] made a prior statement which was inconsistent with his testimony in court." 

 During trial, this was not the ground appellant urged. At trial, appellant asked the
court to allow testimony from the Uhers before the jury that would show the complainant made a
prior inconsistent statement to her father by telling him that the incident never took place and that the
allegations were a joke. Appellant's issue on appeal differs from his assertion in district court. 
Appellant failed to preserve this issue for review. Tex. R. App. P. 33.1(a)(1). 

 Even if appellant properly preserved his appellate complaint, we hold that the defense
attorney did not lay a proper foundation for the Uhers to testify about an inconsistent statement by the
complainant's father. 

 When the defense attorney cross-examined the complainant's father the following
occurred:

[Defense Attorney] Q: Do you remember going to the Uhers' later on that week, that
is the night before Thanksgiving?

[Complainant's Father] A: No, I don't recall that.


. . . . . . 


Q: Do you remember going over to the Uhers' the night before Thanksgiving and
talking about this incident that your daughter had accused Anthony of?


A: No.


Q: Have you ever had a conversation in front of Joe or Sandy Uher about this
incident and whether it was the truth or not?


A: No.


Q: Are you aware as to whether or not [the complainant] has ever said that if
Anthony didn't sleep with her that she would set him up? Are you aware of that?


A: No.


Q: Has [the complainant] ever said anything to you that would indicate that her
allegations are a joke?


A: No, sir.



 The rules of evidence did not change the well-settled common law rule that a
foundation must be laid before impeaching a witness with a prior inconsistent statement. L.M.W. v.
State, 891 S.W.2d 754, 759 (Tex. App.--Fort Worth 1994, no pet.); Allen v. State, 788 S.W.2d 637,
640 (Tex. App.--Houston [14th Dist.] 1990, pet ref'd). A party who attempts to impeach a witness
with a prior inconsistent statement should follow the procedure outlined in Rule of Evidence 613(a). 
When following that procedure, the witness is reminded of what, when, to whom and in what context
the allegedly inconsistent statement was made. Tex. R. Evid. 613(a); L.M.W., 891 S.W.2d at 759;
Allen, 788 S.W.2d at 640. The witness is then afforded an opportunity to explain or deny the
statement. Allen, 788 S.W.2d at 640.

 Although the defense attorney referred to a conversation the complainant's father
allegedly had with the Uhers, he did not present to the complainant's father the issue that during that
conversation he represented to the Uhers something different than his testimony regarding what the
complainant told him about the incident. The defense attorney asked the complainant's father
questions that related to the alleged prior inconsistent statement but he never told him the contents
of the statement or afforded him the opportunity to admit, explain, or deny the alleged previous
statement. See Alvarez-Mason v. State, 801 S.W.2d 592, 595 (Tex. App.--Corpus Christi 1990, no
pet.). The defense attorney failed to follow Rule 613(a). 

 Additionally, we note that the defense attorney did not follow Rule 613(a) regarding
a prior inconsistent statement by the complainant which was his allegation at trial. The complainant
was never presented with the statement she allegedly made to her father or given any opportunity to
admit, explain or deny such a statement. Appellant's third issue is overruled. 




Conclusion


 The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie and Justices Yeakel and Patterson

Affirmed

Filed: August 9, 2001

Do Not Publish



d Sandra Uher, neighbors of the complainant, that showed "that [the
complainant's father] made a prior statement which was inconsistent with his testimony in court." 

 During trial, this was not the ground appellant urged. At trial, appellant asked the
court to allow testimony from the Uhers before the jury that would show the complainant made a
prior inconsistent statement to her father by telling him that the incident never took place and that the
allegations were a joke. Appellant's issue on appeal differs from his assertion in district court. 
Appellant failed to preserve this issue for review. Tex. R. App. P. 33.1(a)(1). 

 Even if appellant properly preserved his appellate complaint, we hold that the defense
attorney did not lay a proper foundation for the Uhers to testify about an inconsistent statement by the
complainant's father.