# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00626-CR

**Anthony Eugene Miller, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
## NO. 20,096, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

A jury found appellant guilty of the offense of indecency with a child. *See* Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2001). The district court sentenced appellant to five years in prison. Raising three points of error, appellant contends that the district court erred by allowing the State to comment on appellant's failure to testify and erred by denying appellant's request to introduce testimony that one of the State's witnesses had made a prior inconsistent statement. We affirm the district court's judgment.

## Background

The complainant, a fourteen-year-old girl at the time of the incident, and appellant were the only two people in the complainant's bedroom on the night in which she claimed appellant touched her left breast. The complainant was fifteen when she testified at trial about the incident. In presenting his defense, appellant called several witnesses who testified about events that occurred

before and after the alleged indecent act but appellant chose to rely on his constitutional right to remain silent.

**Discussion**

*Comments on Defendant's Failure to Testify*

In his first and second points of error, appellant contends that twice during closing remarks to the jury, the State improperly commented on appellant's failure to testify.

The four permissible areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to arguments from the defense; and (4) pleas for law enforcement. *Smith v. State*, 898 S.W.2d 838, 845 (Tex. Crim. App. 1995). The failure of an accused to testify may not be the subject of comment by the prosecution. *Montoya v. State*, 744 S.W.2d 15, 34 (Tex. Crim. App. 1987) (op. on reh'g); *Lopez v. State*, 793 S.W.2d 738, 741 (Tex. App.—Austin 1990, pet. dism'd); *see also Bustamante v. State*, No. 1954-99, 2001 Tex. Crim. App. LEXIS 46, *6-7 (Tex. Crim. App. June 13, 2001) (comment by trial judge on defendant's failure to testify). Such a comment is in violation of the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution and in Article I, Section 10 of the Texas Constitution. *Griffin v. California*, 380 U.S. 609 (1965); *Allen v. State*, 693 S.W.2d 380, 381 (Tex. Crim. App. 1984) (op. on reh'g). Further, comments by the prosecutor referring to a defendant's failure to testify also violate article 38.08 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979); *Montoya*, 744 S.W.2d at 34. A violation occurs when a prosecutor makes remarks that are manifestly intended or are of such character that the jury would naturally and necessarily consider them to be a comment on the accused's failure to testify. *Allen*, 693 S.W.2d at 385. The prosecutor's remarks must be viewed from the standpoint of the jury, and

2

there must be a clear implication that the language used referred to the accused's failure to testify. *Dickinson v. State*, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984). It is not sufficient that the language might be construed as an implied or indirect allusion to the defendant's failure to testify. *Montoya*, 744 S.W.2d at 35. In applying this standard, the facts and circumstances of each case must be analyzed to determine whether the language used was improper. *Id.*

Appellant's first issue complains of the following remarks by the prosecutor made during the State's rebuttal to appellant's closing argument: *"[S]he is the only one that came in here and told you what happened. All the evidence in this case came from her."* Appellant argues that these remarks were an improper comment on his failure to testify, were harmful and his case should be reversed and remanded for a new trial. Appellant contends that the remarks were similar to those made by the prosecutor in *Norton v. State*, 851 S.W.2d 341, 344 (Tex. App.—Dallas 1993, pet. ref'd). In *Norton* the prosecutor commented, "There were only two people there and we heard from one of them." *Id.* The Dallas court of appeals reversed Norton's conviction after determining that these remarks were an improper comment on Norton's failure to testify and were harmful. *Id.*

The State argues that unlike the facts in *Norton*, appellant's attorney in his closing argument first brought up the fact that the complainant was the only witness to the alleged indecent act. The State contends that the prosecutor's remarks were responsive to appellant's initial comments that there was only one witness and were a response to appellant's complaints about the complainant's credibility. Additionally, the State argues that as evidenced by the argument the prosecutor made immediately following the remarks, the prosecutor was letting the jury know that it would have to evaluate the fifteen-year-old complainant's testimony.

During appellant's closing argument his attorney stated:

**Defense Attorney**: I can tell you that [the district attorney] would not be bringing this case against Anthony Miller to you if he wasn't relying on the fact that it's Anthony Miller and it's not our sons and our daughters with one witness being his primary witness. The fact—this is not anything that's unnoticeable–that there's no chair back here with anybody that you can interpret as a support system in the community for Anthony [Miller].

Later during closing argument, the defense attorney made the following comment:

**Defense Attorney**: You are told in [the charge] that you are the sole judge of the credibility to be given to the witnesses. You're the only witness–when the state has only one major witness that will pin a felony conviction that, as Mr. Lewis told you, carries two to twenty, that case should be beyond reproach.

The following exchange occurred when the prosecutor argued in rebuttal:

**Prosecutor**: If you can't make the State look bad, then you make the witness look bad. A 14 year old, 15 year old girl. She is the only one that came in here and told you what happened. All of the evidence in this case came from her.

**Defense Attorney**: Objection, Your Honor. . . . It's a comment on the Defendant's failure to testify.

**The Court**: Overruled.

**Prosecutor**: You've got to look at her. It is her testimony. Pick her apart, make her look bad. Make her account for everything she didn't put in her statement back in November at the age of 14. Make her account because she doesn't remember everything today exactly the way it may have happened or when she made her statement.

It is well-settled that the prosecutor may respond to jury argument by defense counsel so long as the response does not exceed the scope of the invitation. *Andujo v. State*, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988); *Johnson v. State*, 611 S.W.2d 649, 650 (Tex. Crim. App. 1981). The invitation may even include a comment on the defendant's failure to testify. *Porter v. State*, 601

4

S.W.2d 721, 723 (Tex. Crim. App. 1980); *see also Nethery v. State*, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985).

Unlike the facts in *Norton*, appellant's defense attorney stressed to the jury *twice* during his closing argument that in this case there was only one witness to the alleged indecent act. The prosecutor responded and restated what the defense attorney had already argued to the jury—there was only one witness—when he stated, *"[S]he is the only one that came in here and told you what happened. All the evidence in this case came from her."* The prosecutor's remarks did not exceed the scope of a proper response to the defense attorney's argument. Appellant's first issue is overruled.

Appellant's second issue complains of the following statement by the prosecutor made during the State's rebuttal to appellant's closing argument: *"[N]obody else has come in here and said that she had on tight jeans that night. Nobody has come in here and said . . . ."* Appellant contends that these remarks also were improper comments on his failure to testify.

The State responds that although it is possible to view the prosecutor's remarks as directed toward appellant's failure to testify, it is more likely that the prosecutor was pointing out that in fact none of the witnesses testified about how the complainant was dressed that night; consequently, the remarks were not necessarily a comment on appellant's failure to testify.

The test to determine if the State's argument was improper is whether the remarks were manifestly intended or were of such character that the jury would naturally and necessarily take them to be a comment on the accused's failure to testify. *Bird v. State*, 527 S.W.2d 891, 894 (Tex. Crim. App. 1975). In applying this test, the facts and circumstances of each case must be analyzed.

The record here reveals that there were other people who testified that saw the complainant the night of the alleged indecent act. The defense attorney did not question them about

how the complainant was dressed the night of the alleged indecent act. The jury, consequently, could have inferred that the prosecutor was referring to someone other than the appellant in his remark that no one else testified that the complainant was wearing tight jeans.

If the comment, in light of the entire evidentiary record, could be interpreted as referring to the defense's failure to present available evidence from sources other than the accused, reversible error is not presented. *Milton v. State*, 620 S.W.2d 115, 116 (Tex. Crim. App. 1980). The possible existence and availability of such other sources must be affirmatively reflected in the evidence before the jury. The State is not permitted to conjure up the existence of some phantom witnesses and then castigate the defense for having failed to summon them to testify. *Montoya*, 744 at 33. If the evidence does not raise the existence and availability of such witnesses other than the accused, then the indirect comment must necessarily refer to the defendant's failure to testify. *Myers v. State*, 573 S.W.2d 19, 20 (Tex. Crim. App. 1978).

The possible existence and availability of sources of evidence for the comment other than the defendant are not to be considered as a comment on the defendant's failure to testify. *Anderson v. State*, 813 S.W.2d 177, 181 (Tex. App.—Dallas 1991, no pet.); *Rodriguez v. State*, 787 S.W.2d 504, 506 (Tex. App.—El Paso 1990, no pet.). Where there is other evidence, or the absence of other evidence, to which remarks may reasonably have been applied by the jury, the prohibition against commenting on the defendant's failure to testify is not violated. *Brown v. State*, 475 S.W.2d 761 (Tex. Crim. App. 1971).

The record reflects that several witnesses were with the complainant at different times during the night of the alleged indecent act. The defense attorney could have elicited testimony from them about what the complainant was wearing the night of the alleged indecent act. The defense

6

attorney, however, did not question them about the complainant's attire. Due to the existence and availability of sources other than appellant for the remarks leads us to conclude that the remarks were not necessarily a comment on appellant's failure to testify. Appellant's second issue is overruled.

***Prior Inconsistent Statement***

In his third issue appellant contends that the court erred in disallowing testimony before the jury by Joe and Sandra Uher, neighbors of the complainant, that showed "that [the complainant's father] made a prior statement which was inconsistent with his testimony in court."

During trial, this was not the ground appellant urged. At trial, appellant asked the court to allow testimony from the Uhers before the jury that would show *the complainant* made a prior inconsistent statement to her father by telling him that the incident never took place and that the allegations were a joke. Appellant's issue on appeal differs from his assertion in district court. Appellant failed to preserve this issue for review. Tex. R. App. P. 33.1(a)(1).

Even if appellant properly preserved his appellate complaint, we hold that the defense attorney did not lay a proper foundation for the Uhers to testify about an inconsistent statement by the complainant's father.

When the defense attorney cross-examined the complainant's father the following occurred:

> **[Defense Attorney] Q**: Do you remember going to the Uhers' later on that week, that is the night before Thanksgiving?
> **[Complainant's Father] A**: No, I don't recall that.
>
> . . . . . .
>
> **Q**: Do you remember going over to the Uhers' the night before Thanksgiving and talking about this incident that your daughter had accused Anthony of?

7

**A**: No.

**Q**: Have you ever had a conversation in front of Joe or Sandy Uher about this incident and whether it was the truth or not?

**A**: No.

**Q**: Are you aware as to whether or not [the complainant] has ever said that if Anthony didn't sleep with her that she would set him up? Are you aware of that?

**A**: No.

**Q**: Has [the complainant] ever said anything to you that would indicate that her allegations are a joke?

**A**: No, sir.

The rules of evidence did not change the well-settled common law rule that a foundation must be laid before impeaching a witness with a prior inconsistent statement. *L.M.W. v. State*, 891 S.W.2d 754, 759 (Tex. App.—Fort Worth 1994, no pet.); *Allen v. State*, 788 S.W.2d 637, 640 (Tex. App.—Houston [14th Dist.] 1990, pet ref'd). A party who attempts to impeach a witness with a prior inconsistent statement should follow the procedure outlined in Rule of Evidence 613(a). When following that procedure, the witness is reminded of what, when, to whom and in what context the allegedly inconsistent statement was made. Tex. R. Evid. 613(a); *L.M.W.*, 891 S.W.2d at 759; *Allen*, 788 S.W.2d at 640. The witness is then afforded an opportunity to explain or deny the statement. *Allen*, 788 S.W.2d at 640.

Although the defense attorney referred to a conversation the complainant's father allegedly had with the Uhers, he did not present to the complainant's father the issue that during that conversation he represented to the Uhers something different than his testimony regarding what the complainant told him about the incident. The defense attorney asked the complainant's father

8

questions that related to the alleged prior inconsistent statement but he never told him the contents of the statement or afforded him the opportunity to admit, explain, or deny the alleged previous statement. *See Alvarez-Mason v. State*, 801 S.W.2d 592, 595 (Tex. App.—Corpus Christi 1990, no pet.). The defense attorney failed to follow Rule 613(a).

Additionally, we note that the defense attorney did not follow Rule 613(a) regarding a prior inconsistent statement by the complainant which was his allegation at trial. The complainant was never presented with the statement she allegedly made to her father or given any opportunity to admit, explain or deny such a statement. Appellant's third issue is overruled.

**Conclusion**

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie and Justices Yeakel and Patterson

Affirmed

Filed:   August 9, 2001

Do Not Publish

9