**Johnny Wayne ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00428 CR.**

Court of Appeals of Texas,
Dallas.

Aug. 12, 1982.

Discretionary Review Granted
Oct. 27, 1982.

J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., R. Kristin Weaver, Asst. Dist. Atty., for appellee.

SPARLING, Justice.

Appellant was convicted by a jury of burglary of a habitation and was assessed punishment of fifteen years imprisonment. In his sole ground of error appellant complains that, in final argument, the State impermissibly commented upon his failure to testify. We hold that the comment was an invited argument and a fair comment on the evidence. Accordingly, we affirm.

The following argument by the prosecutor is the source of appellant's complaint:

Now, there is really only one issue in this case and it's is the right man in the courtroom? We have got to prove beyond a reasonable doubt every element of the offense and that is, number one, that on or about May 12, 1980, and there is no reason to doubt the date, that the home or habitation of Kathy McBride was entered by a subject and somebody without her consent with intent to commit theft and you know there was theft committed. What was stolen was her Sony AM/FM receiver. Where are we going to find the fingerprints? Mr. Byck said we didn't find any fingerprints. Show us the Sony receiver and maybe we will get you some fingerprints. *Somebody knows where it is, from the evidence you heard, Johnny Wayne Allen knows what happened to it.* [Emphasis added]

The Court of Criminal Appeals has held that if an argument is to be considered a comment upon the defendant's failure to testify, the comment must be direct; therefore it is not sufficient that the language *might* be construed as an implied allusion to accused's failure to testify. *Wright v. State,* 582 S.W.2d 845, 847 (Tex. Cr. App. 1979); *McDaniel v. State,* 524 S.W.2d 68, 70 (Tex. Cr. App. 1975); the language used must be looked to from the standpoint of the jury, and the reference must be a necessary one, *Hicks v. State,* 525 S.W.2d 177, 178 (Tex. Cr. App. 1975). In the present case the argument stated that the accused *knows* a certain fact; before it can be construed as error, it must be coupled with an implication to the jury that he should *testify* to that fact.

Considering the argument from the jury's standpoint, *see Hicks, supra,* it must be

placed in the context in which the jury heard it. If the State's argument was unrelated to an event or an idea that was already before the jury, then the argument, made without apparent reason, may be interpreted as a comment on the defendant's failure to testify. Here, however, the appellant's counsel made the following argument prior to the prosecutor's argument in question:

> COUNSEL FOR APPELLANT: ... The State of Texas didn't bring any of that evidence, the stereo—the stereo that Ms. McBride recognized three floors away ... and did the State of Texas make any effort to show you anything about the stereo? ... The State of Texas is bringing you an incomplete picture.
>
> .   .   .   .   .
>
> ... [Y]ou didn't hear about any efforts of the police officers going out and making any sort of fingerprints ...

The argument leaves the impression that the State should produce detailed evidence of a Sony stereo taken in the burglary, yet the testimony reflects that the evidence was never recovered, and therefore, was unavailable to the State:

> PROSECUTOR: Did the man [appellant] have anything in his hands?
> COMPLAINANT: He had my stereo receiver.
>
> .   .   .   .   .
>
> PROSECUTOR: All right. Have you seen that stereo receiver since?
> COMPLAINANT: No.

The appellant, in his argument, also accused the State of failing to provide fingerprints for the jury's consideration, thereby attempting to place a burden upon the State that the law does not, namely, the production of specific scientific evidence. Appellant's argument implies that prints were available to the State, but denied to the jury; yet there was no evidence of whether there was an attempt to find fingerprints and if so, the results. Although the appellant's counsel could have asked the investigating officer on cross-examination about fingerprints, thereby raising the issue, he chose to mention the subject for the *first* time in final argument.

It is permissible for the State to argue facts or logic in answer to an argument of defendant's counsel. *See Alejandro v. State,* 493 S.W.2d 230, 231 (Tex. Cr. App. 1973). Although the answering argument must not stray beyond the scope of the invitation, the invitation may even properly include a comment on the defendant's failure to testify, *Porter v. State,* 601 S.W.2d 721, 723 (Tex. Cr. App. 1980); *Broussard v. State,* 505 S.W.2d 282, 286 (Tex. Cr. App. 1974), or a comment explaining the State's failure to produce a certain type of evidence, *Miller v. State,* 479 S.W.2d 670, 672 (Tex. Cr. App. 1972), *Griffin v. State,* 554 S.W.2d 688, 691 (Tex. Cr. App. 1977).

This prosecutor, in final argument, had to cope with this new issue—fingerprints. In answering appellant's argument, the State relied upon two important facts: the Sony stereo, seen by the complainant in the appellant's hands, was the only evidence of any item that the defendant touched; and the unrecovered stereo was last known to be in the possession of the defendant. It seems reasonable, if not elementary, that the State, in answering the appellant's demand for fingerprints, would point out that the only item touched, the stereo, was unavailable to the State because it was taken by the appellant and never recovered.

We hold that a reasonable jury would have interpreted the prosecutor's argument, "... Johnny Wayne Allen knows what happened to it [the stereo]," not as a comment on the appellant's failure to testify, but rather an explanation of why the State could not produce the stereo or any fingerprints contained thereon. We therefore hold the State's argument to be proper, and affirm.

GUITTARD, C.J., and TED Z. ROBERTSON, STOREY, VANCE, FISH, ALLEN, and GUILLOT, JJ., join in this opinion.

CARVER, Justice, dissenting.

I respectfully dissent.

The State does not dispute in its brief that the prosecutor's argument, "[S]omebody knows where it is, from the evidence you have heard, Johnny Wayne Allen knows what happened to it," taken alone, constitutes a prohibited allusion to the accused's failure to testify. Article 38.08 Tex. Code Crim. Pro. (Vernon 1979); *Johnson v. State,* 611 S.W.2d 649 (Tex. Cr. App. 1981).

As in *Johnson,* the State seeks to excuse its impropriety relying on the "invited argument rule." 611 S.W.2d at 650. The State argues that, since the defense questioned the absence of fingerprints from the State's proof, it was entitled to respond—that the stolen Sony receiver had not been recovered—as an explanation of the absence of proof of fingerprints. I fully agree that the State's explanation was invited but such explanation was fully made and completed before the prosecutor "tacked-on" the quoted allusion to the accused's failure to testify. I would hold that the prosecutor here went beyond the "invitation," or strayed beyond the scope thereof, as was found in *Johnson* and in *Kincaid v. State,* 534 S.W.2d 340 (Tex. Cr. App. 1976).

The State also seeks to excuse its impropriety by arguing that the defense failed to preserve the error for review. The State points out that, although the defense duly objected to the prosecutor's argument and moved for a mistrial, there was no motion by the defense for the court to instruct the jury to disregard the prosecutor's allusion to the accused's failure to testify. This identical argument was rejected in *Overstreet v. State,* 470 S.W.2d 653 (Tex. Cr. App. 1971) where the court held that the prohibition against a comment on the defendant's failure to testify is mandatory and that the adverse effect of any reference to the accused's failure to testify could not be cured by an instruction; consequently, a motion for instruction, being ineffective even if given, was not necessary to preserve error. *See Parr v. State,* 606 S.W.2d 928 (Tex. Cr. App. 1980) (argument so inflammatory that its prejudicial effect could not be cured by instruction). I would hold that the error, consisting of a violation of Article 38.08, prohibiting an allusion to or comment upon the accused's failure to testify, is not waived by the accused's failure to move the court to instruct the jury to disregard.

Inasmuch as the State concedes the violation of Article 38.08 and since neither of its excuses therefor are tenable in the face of these precedents, I would reverse and remand this case for a new trial.

AKIN, STEPHENS and WHITHAM, JJ., concur with dissent.