Johnny Wayne **ALLEN**, Appellant,

v.

The **STATE** *of* Texas, Appellee.

No. 761–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Maridell Templeton, Joe Revesz and Ronny N. Poole, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

"It is basic and fundamental law in this State that the failure of an accused to testify may not be the subject of comment by the prosecution [because] such [a] comment is in violation of the privilege against self-incrimination contained in Article 1, Section 10 of the Texas Constitution, and [is] in express violation of Article 38.08, Vernon's Ann.C.C.P. ... [Such a comment] also presents a federal constitutional question as the same has been held violative of the self-incrimination clause of the Fifth Amendment, which is made applicable to the States by virtue of the Fourteenth Amendment..." *Bird v. State*, 527 S.W.2d 891, 893 (Tex.Cr.App.1975). Also see *Nickens v. State*, 604 S.W.2d 101 (Tex. Cr.App.1980); *Griffin v. California*, 380 U.S. 609, 84 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The test employed by this Court to see whether the above principle of law has been violated by a prosecuting attorney is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it

to be a comment on the accused's failure to testify. *Nickens v. State*, supra, at 105. Also see *Dawson v. State*, 24 S.W. 414 (Tex.Cr.App.1893).

In this instance, there does not seem to be any real dispute that the complained of argument, "Somebody knows where it is, from the evidence you heard, Johnny Wayne Allen [appellant] knows what happened to it," standing alone, constituted a prohibited allusion to the appellant's failure to testify. See *Allen v. State*, 638 S.W.2d 225, 228 (Tex.App.—Dallas1982) (Justice Carver's dissent). The majority of the court of appeals held, however, that the complained of argument was permissible because it constituted invited argument and was also a fair comment on the evidence, thus overruling the appellant's assertion that it was a comment on his failure to testify. *Allen v. State*, supra. We disagree with these holdings and reverse the conviction.

The record reflects that Johnny Wayne Allen, appellant, was convicted of burglary of a habitation. The jury assessed his punishment, enhanced, at fifteen (15) years' confinement in the penitentiary. In his sole ground of error on appeal, he complained that the prosecuting attorney violated the above principle of law by directly commenting on his failure to testify at his trial.

The Dallas Court of Appeals held, 8–4, see *Allen v. State*, supra, that (1) the argument of the prosecuting attorney was invited argument and (2) the argument was a fair comment on the evidence. We granted appellant's petition for discretionary review to make the determination whether the majority of the court of appeals correctly decided the issue. We find it did not and reverse its judgment of affirmance and remand the cause to the trial court.

The record reflects that prior to trial, appellant's counsel filed a pretrial motion for discovery, in which, inter alia, he asked that the trial court order the prosecuting attorney "to produce and permit the inspection of and the copying and/or photographing of, by or on behalf of the defendant the

following items: 6. All fingerprints, palm prints, foot prints, and reports of same, alleged to have been made by the Defendant... in the commission of the offense with which the Defendant is herein indicted." At the hearing on the motion, the prosecuting attorney expressly advised the trial judge of the following: "[That there were no] fingerprints or palmprints [of the defendant obtained by the police]."

Thus, the statement by the court of appeals in its opinion, that appellant's counsel "chose to mention the subject [of fingerprints] for the first time in final argument," (227), is incorrect.

The facts are not in dispute. During the months of February and March, 1980, appellant worked as the head maintainenance person at an apartment complex in Dallas where the complaining witness lived. In February, appellant, apparently using a master key, around *midmorning,* opened the door to the complainant's apartment and started inside of the apartment when he then saw the complainant. When asked what he was doing there, he immediately told her he was looking for "Linda." When informed that no "Linda" lived in the apartment, he stated that he must have the wrong apartment and left.

In April, appellant was fired from his job for reasons not reflected in the record.

The complainant testified that on the afternoon in question, May 12, 1980, she saw appellant leaving her apartment with what she identified as her Sony receiver under his arm. She asked him what he was doing with her receiver. He replied: "Maintenance," and then ran from the premises with the receiver in his possession.

The record is devoid of any evidence showing when or where appellant was arrested for committing the offense. The receiver was never recovered by either the complainant or the police. The record is also devoid of any evidence that the police made any efforts to recover any fingerprints from inside of the complainant's apartment, nor is there any evidence that the police attempted to look for the receiver at a location such as a pawn-shop, where common knowledge teaches us such items as stolen stereo receivers might be found.

The record clearly reflects that counsel for appellant's cross-examination of the complainant was an effort to convince the jury that this was a case of mistaken identification by the complaining witness.

Appellant did not testify or put on any witnesses at his trial, as was his right not to do.

During argument, counsel for appellant attacked the complainant's identification testimony on the basis that the complainant was mistaken when she identified appellant as the person she saw leaving her apartment with her receiver. He also argued that the State had failed to bring the jury a complete picture of the case. He correctly argued that the State had failed to account for appellant's arrest and chastised the prosecuting attorney for not bringing out during his examination of the complainant more detailed information about the complainant's Sony receiver, i.e., although the complainant testified that she identified the Sony that was in the possession of the person she saw leaving her apartment, other than by the brand name she gave no further information regarding the Sony receiver.

Counsel for appellant also argued the following:

See, the State of Texas has a burden of proof and in a criminal jury trial, it's not a modern art gallery and would the State of Texas even bother to tell you whether or not Johnny Wayne Allen was arrested and wouldn't you think it would be important if they arrested him the very next day wearing exactly the same kind of t-shirt [as the complainant had described] but you didn't hear anything like that. The State of Texas didn't bring any of that evidence, the stereo—the stereo that [the complainant] recognized three floors away, she read the word [Sony] three floors away and did the State of Texas make any effort to show you anything about the stereo? Wouldn't that be important if they had

arrested him the next day or the day after? The State of Texas is bringing you an incomplete picture. I can't speculate on what else they might have or might not have brought but the truth of the matter is, what you heard in this courtroom for 40 minutes and what you didn't hear about any efforts of the police officers going out and making any sort of fingerprints or asking if anybody was seen by neighbors or finding individuals to collaborate [sic] [the complainant's] story and as a result, there is no collaboration [sic]... Are you sure or do you have a doubt because of the State of Texas didn't satisfy you and if the State of Texas didn't convince you, then you should vote not guilty because that is fair. You say by your verdict whether in this short trial, you have heard enough ...

Thereafter, after making one brief opening statement, the prosecuting attorney then commenced his argument with the following statement: "I don't intend to chase all the rabbit trails that [counsel for appellant] left."

In response to counsel for appellant's argument, that related to the failure of the State to account for not taking fingerprints, the prosecuting attorney argued the following: "What was stolen was her Sony AM/FM receiver. Where are we going to find the fingerprints? Mr. Byck [defense attorney] said we didn't find any fingerprints. Show us the Sony receiver and maybe we will get you some fingerprints. *Somebody knows where it [the stereo receiver] is, from the evidence you heard, Johnny Wayne Allen knows what happened to it.*" [Emphasis Added].

It is the underscored portion of the argument about which appellant complained on appeal in his sole ground of error.

We first find that counsel for appellant's argument did not constitute an invitation to the prosecuting attorney to argue as he did. Nor do we find that counsel's argument left "the impression that the State should produce detailed evidence of a Sony stereo taken in the burglary...," as the court of appeals inferred from the argument.

When viewed in the context of the argument, we find that when counsel for appellant was referring in his argument to the undisputed fact that the State did not present any evidence to corroborate the testimony of the complainant that appellant was the person who had taken her receiver, he was merely, albeit implicitly, arguing that eyewitness testimony alone is inherently suspect.

We find from his argument, that went to the undisputed facts that there was no evidence before the jury as to when or where appellant was arrested or what kind of dress he was wearing when arrested or whether he was in possession of the receiver when arrested, when viewed in the context of the argument, counsel was merely referring to the undisputed fact that there was no evidence before the jury to show this, which if it had existed this might have corroborated the complainant's testimony. Ergo, as it did not exist, counsel therefore implicitly argued that there was a reasonable doubt as to his client's guilt.

Taken in the context of his argument, we find that counsel's general reference to the undisputed fact of the lack of any fingerprinting done by the police did not specifically refer to the receiver, but, instead, was specifically referring to the police not fingerprinting in general. Appellant implicitly argued that had the police attempted to obtain fingerprints inside of the complainant's apartment, they might very well have obtained appellant's prints from the doorknob or from the table on which the receiver had been resting. Ergo, as they did not, counsel therefore implicitly argued that there was a reasonable doubt as to the appellant's guilt.

When viewed in the context of the argument, we think it is clear that when counsel was referring to the undisputed fact that there was no evidence before the jury that showed that the police had ever made any efforts to account for the whereabouts of the receiver, he was arguing that had there been such evidence, this might have linked

appellant to the crime. Ergo, as such evidence did not exist, counsel therefore implicitly argued that there was a reasonable doubt as to the appellant's guilt.

In light of the above, we hold that under the circumstances of this case the argument of the prosecuting attorney, "Somebody knows where it is, from the evidence you heard, Johnny Wayne Allen knows what happened to it," constituted a direct violation of the above principle of law, and is incurable error. See and compare *Thompson v. State*, 651 S.W.2d 785 (Tex. Cr.App.1983); *Jackson v. State*, 129 Tex. Cr.R. 314, 87 S.W.2d 482 (1935).

The judgment of the court of appeals is reversed and the cause remanded to the trial court.

ONION, P.J., and TOM G. DAVIS, W.C. DAVIS and McCORMICK, JJ., dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted of burglary of a habitation. Punishment, enhanced by a prior conviction, was assessed at fifteen years' confinement. On appeal, appellant argued that the prosecutor indulged in imporper jury argument by commenting on the appellant's failure to testify. The Dallas Court of Appeals held that a reasonable jury would not have interpreted the prosecutor's argument as a comment on the appellant's failure to testify, but rather as an explanation in response to defense counsel's prior argument. *Allen v. State*, 638 S.W.2d 225 (Tex.Cr.App.1982). We agree and affirm the judgments of the trial court and the Court of Appeals.

At trial the complaining witness testified that during the afternoon of May 12, 1980, she left her apartment to go to the laundry room of her apartment complex. She related that she stayed in the laundry room approximately ten minutes. As she was returning to her third floor apartment, she saw the appellant coming out of her apart-

ment and carrying her stereo receiver in his hands. When she asked appellant what he was doing with her stereo receiver, he replied "Maintenance" and ran past her down the steps. The complainant testified that she ran to her apartment and called the police; thereafter she went to the apartment complex parking lot to look for appellant but she was unsuccessful in her quest. Finally, the complainant testified that her stereo receiver had not been recovered.

During his closing argument at the guilt-innocence portion of the trial, the prosecutor argued the following:

"... What was stolen was her Sony AM/FM receiver. Where are we going to find the fingerprints? Mr. Byck said we didn't bring any fingerprints. Show us the Sony receiver and maybe we will get you some fingerprints. *Somebody knows where it is, from the evidence you heard, Johnny Wayne Allen knows what happened to it.*

"MR. BYCK: Objection, You honor, that's a direct comment on the Defendant's failure to testify.

"THE COURT: The Jury will not consider the last remark of counsel for any purpose.

"MR. BYCK: If taking that was a granting of our exception and objection, we respectfully move for a mistrial.

"THE COURT: Overruled. You have your exception in the record.

"MR. REVESZ [the prosecutor]: The only thing that was taken from that apartment and the only thing he left fingerprints on was the Sony AM/FM receiver and that has not been recovered. She said she doesn't have it back...."

The appellant continues to maintain that such argument constituted a comment on his failure to testify. However, a reading of the entire jury argument of both sides shows that the prosecutor's argument was clearly invited by earlier argument of appellant's attorney. Earlier the defense attorney had made the following argument:

"... we talked about the presumption of innocense (sic). Well, certainly the State rebutted that presumption and we go to the next rule, the burden of proof and that is the duty of the State of Texas to bring you all the information and all of the facts and all of the witnesses and all of the evidence that they need and you need to form a conclusion of guilty beyond a reasonable doubt. Has the State of Texas showed that burden? I submit to you that it has not.... You're being asked to convict Johnny Wayne Allen all on one person's testimony. See, the State of Texas has a burden of proof and in a criminal jury trial, it's not a modern art gallery and would the State of Texas even bother to tell you whether or not Johnny Wayne Allen was arrested and wouldn't you think it would be important if they arrested him the very next day wearing exactly the same kind of t-shirt but you didn't hear anything like that. The State of Texas didn't bring any of that evidence, the stereo—the stereo that Ms. McBride recognized three floors away, she read the word three floors away and did the State of Texas make any effort to show you anything about the stereo? Wouldn't that be important if they had arrested him the next day or the day after? The State of Texas is bringing you an imcomplete picture. I can't speculate on what else they might have or might not have brought but the truth of the matter is, what you heard in this courtroom for 40 minutes and what you didn't hear about any efforts of the police officers going out and making any sort of fingerprints or asking if anybody was seen by neighbors or finding individuals to collaborate Ms. McBride's story and as a result, there is no collaboration."

Clearly the defense attorney was implying to the jury that the State had some evidence—either the stereo itself or fingerprints taken off the stereo—that it was keeping from the jury. The State's argument was merely a response to defense counsel's argument and no more.

A similar situation occurred in *Larkin v. State*, 157 Tex.Cr.R. 284, 248 S.W.2d 134, 143 (1952) (Opinion on Appellant's Second Motion for Rehearing), a case in which the defendant, the superintendent of the Lakeview School District in San Angelo, was convicted of embezzlement. Evidence adduced at trial showed that Larkin had never submitted a written accounting to the school board regarding the funds he was accused of embezzling. In his closing argument, Larkin's attorney argued that the school board had made no accounting of the funds and, in reality, the defendant owed the school board nothing. In response the prosecutor argued the following:

" 'E.O. Larkin has not reported to this day what he has done with that money.' 'Speaking of reports, here it is the 29th day of November, and still no report from Larkin.' 'In answer to Mr. Scarborough's question 'Why didn't we bring the cards and put them on the table.' E.O. Larkin is the only man that has the cards. E.O. Larkin is the only man that knows. E.O. Larkin is the only man that could bring us that information from his records. Why didn't E.O. Larkin make a report. Mr. Larkin knew that if he made a report that it would show that he was guilty of embezzlement.' "

On appeal, Larkin argued that the prosecutor's remarks constituted a reference to his failure to testify. This Court overruled appellant's ground of error and held that the prosecutor's argument was based on the evidence and was made in answer to defense counsel's argument.

■ A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions as well as Article 38.08, V.A.C.C.P. *Nickens v. State*, 604 S.W.2d 101 (Tex.Cr.App.1980). However, it is well-settled that before a comment is held to be a comment on a defendant's failure to testify that it must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975).

A mere implication or indirect allusion to a defendant's failure to testify will not result in reversible error. *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr.App.1977).

We find that the argument in the instant case was no of the offending variety. The State was endeavoring to answer the defense counsel's query as to missing evidence, namely the stereo receiver and the thief's fingerprints. In this context, we do not believe the jury was led to interpret the prosecutor's remarks as a comment on the appellant's failure to testify. We agree with the State that the argument was invited by the previous argument of defense counsel and was merely a summation of the evidence—the evidence showed that only the appellant knew what happened to the stereo receiver. Appellant's ground of error is overruled.

The judgments of the Court of Appeals and the trial court are affirmed.

TEAGUE, MILLER and CAMPBELL, JJ., dissent.

CLINTON, J., not participating.