Affirmed and Memorandum Opinion filed March 27, 2003
















Affirmed and
Memorandum Opinion filed March 27, 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00068-CR

_______________

 

MARK ANTHONY
MURILLO, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

___________________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 830,978

___________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Mark Anthony Murillo appeals a
conviction for murder[1] on
the grounds that: (1) the trial court erred by denying his motion for mistrial
and overruling his objection regarding improper jury arguments; and (2) the
evidence is factually insufficient to support the conviction.  We affirm.

 








Jury
Argument

            Appellant’s first point of error
contends that the following portions of the State’s jury argument improperly
alluded to his failure to testify:

He also didn’t show the detective any evidence of that.  If he wants you to believe that his truck was
being broken into and justifies the shooting of William Gagnard
with this defense of property issue, why
didn’t he call the police that night?

 

            *          *          *          *

 

And he doesn’t have to testify. 
He doesn’t have to make any statement at all, none at all.  But remember, where is the truck?  Did Detective Kuhlman ever get to see the truck?  Did he ever get to examine the truck to say,
“Hey, here is the broken window”?  The truck was still in there in the hands of
this defendant.  Who had control over
that evidence?  Who had the ability to
prove to you that any kind of theft of property occurred?

 

(emphases
added).  The trial court sustained
appellant’s two objections to the above comments and instructed the jury to
disregard them, but denied appellant’s two motions for mistrial.

            Prosecutorial comment that refers to
an accused’s failure to testify violates his
constitutional and statutory privilege against self-incrimination.  See
Canales v. State, No. 73988, slip op. at 5, 2003 WL 122555, at *3 (Tex. Crim. App. Jan. 15,
 2003); Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
1979).  However, an instruction by the
trial court to disregard will generally cure a comment on the failure of the
accused to testify in all but the most blatant examples, i.e., those where the prejudicial effect could not have been
removed by the instruction.  Moore v. State, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999); Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.
1999).  Denial of a request for mistrial
is reviewed for abuse of discretion.  Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

            To whatever extent the prosecutor’s
comments above were a comment on appellant’s failure to testify and were not
invited by appellant’s argument, which we do not decide, they were not so
blatant that the trial court’s instructions to disregard could not have removed
any prejudicial effect.[2]  Accordingly, the trial court did not abuse
its discretion in denying appellant’s request for a mistrial, and appellant’s
first point of error is overruled.

            Appellant’s second point of error
contends that the trial court erred in overruling his objection to another
instance of the prosecutor improperly commenting on the defendant’s failure to
testify.

            Where a prosecutor, on his own
initiative, asks a jury to draw an adverse inference from a defendant’s silence
(such as treating it as substantive evidence of guilt), the privilege against
compulsory self-incrimination is violated. 
United States v. Robinson, 485 U.S. 25, 32, 34
(1988).  However, where a prosecutor’s
reference to the defendant’s opportunity to testify is a fair response to a
claim made by the defendant or his counsel, there is no violation of the
privilege.  Id.  Thus, in Robinson,
after defense counsel argued that the government had denied the defendant an
opportunity to explain his side of the story, the prosecutor’s statement, that
the defendant could have taken the stand and explained anything he wanted to,
did not violate the defendant’s Fifth Amendment rights.  Id. at
31.  Similarly, in Allen, after defense counsel argued that the State was bringing the
jury an incomplete picture by failing to produce evidence about the stolen
stereo, the appellant’s Fifth Amendment rights were not violated when the State
argued, “Show us the [stolen stereo] receiver and maybe we will get you some
fingerprints.  Somebody knows where it
is, from the evidence you heard, [the appellant] knows what happened to
it.”  See
Allen v. State, 693 S.W.2d 380, 384, 385-86 (Tex. Crim.
App. 1984).

            In this case, appellant’s counsel
argued that the State had failed to develop or offer various items of evidence
in order to deceive the jury.  The
prosecutor responded with the following argument:

The defense talked to you about the evidence that you want to see.  Well, you know, there’s all kinds of evidence
that we would all like to see.

 

            *          *          *          *

 

You may still have questions. 
That is normal.  These elements
are what have to be proven to you beyond a reasonable doubt; and if you wonder
about other things, well, that’s okay. 
So do I.  There are questions that we may never have answered, things that only
this man ever will know, things that the complainant only can tell you.

 

(emphasis
added).

            As compared to Allen, where the appellant argued only that the State failed to
produce evidence showing a complete picture, appellant in this case accused the
State of deliberately attempting to deceive the jury.[3]  Moreover, as compared to Allen, where the State specifically blamed the appellant for the
absence of the evidence he had complained about, the State in this case merely
acknowledged that unanswered questions (in the abstract) are normal in a
criminal trial for various reasons, including that there are things that only
appellant and the complainant knew.  To
the extent this was a comment on appellant’s failure to testify, it was a fair
response to appellant’s accusations and, if anything, a milder response to a
harsher assertion than those made by the parties in Allen.  Accordingly, the
trial court did not err in overruling appellant’s objection, and his second
point of error is overruled.

Sufficiency
of the Evidence

            Appellant’s third point of error
contends that the evidence is factually insufficient to support a finding that
he was the person who committed the murder or was even present because the
evidence supporting conviction essentially consisted of only the facts that he
owned a gun of the same caliber as that with which the complainant was shot and
the conflicting testimony of Doug Ross, a convicted felon.

            In reviewing factual sufficiency, we
look at all of the evidence in a neutral light, and will reverse only if the
evidence supporting guilt is so obviously weak as to render the conviction
clearly wrong and manifestly unjust, or if that evidence, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

            In this case, the jury was
authorized to convict appellant of murder, among other grounds, if it found
either that he intentionally killed the complainant or that someone else did so
and appellant, with the intent to promote or assist the commission of the
offense, aided or attempted to aid the other person(s) commit the offense.[4]

            The witnesses at trial described a
sequence of events, lasting only several minutes, in which: (1) a small car
left the apartment complex in which appellant lived; (2) two men ran across an
adjacent field shooting at the car; (3) the two men got into a pickup truck
driven by appellant’s father; (4) the pickup truck chased the car; (5) the car
and truck were seen alongside one another in a trailer park a short distance
from the apartment complex; (6) gun shots were fired at the car from the truck;
(7) the car drove out of the trailer park and through the wall of a building
across the street; and (8) the pickup truck returned to the apartment complex,
and the men in it hurriedly got out and then left the complex a few minutes
later.  The complainant was found fatally
shot in the car inside the building.

            One of the witnesses, Ross, gave
conflicting testimony that appellant was one of the men running across the
field, shooting at the car.  However,
both Ross and another witness, Barnett, testified that appellant was one of the
men who got out of the pickup truck upon its return to the apartment
complex.  Ross further testified that
appellant was carrying a pistol at that time. 
Appellant moved out of the apartment within a day of the shooting and
lived in Mexico for a
year.[5]

            Although another witness testified
that appellant had been at a party preceding the time of the shooting and had
become too intoxicated to run across the field, and despite Ross’s conflicting
testimony and felony conviction, the evidence reasonably supported the overall
sequence of events and the facts that appellant was one of the men in the
pickup truck, was carrying a gun, and fled after the shooting.  Under these circumstances, we cannot say that
the evidence is factually insufficient to support his involvement as at least a
party to the murder.  Accordingly,
appellant’s third point of error is overruled, and the judgment of the trial
court is affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 27, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).











[1]           A jury convicted appellant and
sentenced him to 20 years confinement. 





[2]           See, e.g.,
Long v. State, 823 S.W.2d 259, 269-70 (Tex. Crim.
App. 1991) (holding that instruction to disregard cured any prejudice from
prosecutor’s argument, “Who knows what those facts are?  Who could provide these lawyers with the
means of compelling that evidence and having it brought before you?  [Appellant,] David Martin Long.”).





[3]           In this regard, defense counsel
stated, among other things, “Another wrong picture they were trying to paint
you. . . .  Why would they deceive you
like that? . . .  If they are deceiving
you about this, what else are we being deceived about?”





[4]           See Tex. Pen. Code Ann. § 7.02(a) (Vernon 2003).





[5]           Because appellant does not
challenge the legal sufficiency of this evidence, we need reach no conclusion
about it.