**Opinion filed June 25, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00226-CR**

_____

**JESSE MCGINNIS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-33,368**

**M E M O R A N D U M   O P I N I O N**

Jesse McGinnis appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at life in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000. He contends in two issues on appeal that the trial court erred by overruling his objection to an argument made by the State that commented on his failure to testify and that the trial court abused its discretion by allowing certain exhibits into evidence because the evidence was more prejudicial than probative. We affirm.

McGinnis contends in Issue One that the trial court erred by overruling his objection to an argument made by the State that amounted to a comment on his failure "to bring forth evidence in the Guilt/Innocence Stage of the Trial." However, an examination of his argument reveals that his real issue in this appeal is that the comment by counsel for the State was a comment on his failure to testify. A prosecutor's comment on a defendant's failure to testify offends both our state and federal constitutions, as well as TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005). *Allen v. State*, 693 S.W.2d 380, 385 (Tex. Crim. App. 1984). However, before a comment is a comment on a defendant's failure to testify, it must either be manifestly intended as such a comment or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Id.*

In his opening statement, counsel for McGinnis stated that he expected the evidence to show that McGinnis, on the night in question, acted in self-defense. In his closing statement, McGinnis's counsel argued that it was Johnny Oranday who had fired the fatal shots. Following that argument, counsel for the State argued, "Ladies and gentlemen of the jury, what we say here is not evidence. What these lawyers say is not evidence. And that is probably a good thing because it seems that the Defense's story has changed from the beginning of the trial to the end." Counsel for McGinnis objected to the State's argument on the basis that it assumed that the defense had some burden to produce a story. After the objection, counsel for the State argued, "They stated that Jesse McGinnis did at the beginning of the trial, and it's not in dispute, and now all of a sudden, Johnny Oranday is the shooter. What evidence do you have of that?" The trial court overruled McGinnis's objection that the State's counsel was attempting to put some burden on the defense to bring in evidence.

In order for error to be preserved, the defendant's issue on appeal must comport with the objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). At trial, counsel for McGinnis objected on the basis that, in the argument complained of, the State was suggesting that the defense had some burden to produce evidence, whereas, on appeal, McGinnis contends that the State's argument was a comment on his failure to testify. Inasmuch as McGinnis's issue on appeal does not comport with the objection he made at trial, nothing is presented for review. We do not think McGinnis preserved error by cloaking his issue on appeal as one in which the

State's prosecutor commented on his failure to bring forth evidence when in reality the issue he presents is that it was a comment on his failure to testify.

Even if McGinnis's objection had preserved the issue for our review, the nature of the comment was not such as was manifestly intended to be a comment on the defendant's failure to testify or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. Rather, as was the case in *Allen*, the comment appeared to be a reference to the variance between defense counsel's opening statement virtually conceding that McGinnis was the shooter and his closing statement asserting that someone else was the shooter. McGinnis's statement in his brief to the effect that the prosecutor used body language and gestured at McGinnis is not supported by the record. We overrule Issue One.

McGinnis urges in Issue Two that the trial court abused its discretion by allowing the admission of various State's exhibits, over objection, because the evidentiary value of the evidence was clearly more prejudicial than probative. Although counsel does not directly specify the exhibits to which the issue relates, he does refer us to the following pages of the record: "RR V. 4 pg. 71; V. 5 pg. 81; V. 6 pg. 44-45; V. 6 pg. 152-53."

Page 71 of Volume 4 of the reporter's record shows us that counsel for defense had an objection to State's Exhibit No. 10, a photograph of a blood pool on pavement. Although one of the attorneys for the State said, "[W]e've got the objections to State's Exhibit 10 on the record," McGinnis does not refer us to where on the record such an objection is stated. He also makes no specific argument, with respect to this exhibit, as to why its probative value is substantially outweighed by the danger of unfair prejudice. He does make a general argument that this and the other evidence of which he complains constitutes evidence whose probative value is substantially outweighed by the danger of unfair prejudice. Inasmuch as the record presented to us presents no TEX. R. EVID. 403 objection to State's Exhibit No. 10, nothing is preserved for review. *Bell v. State*, 938 S.W.2d 35, 49 (Tex. Crim. App. 1996). Even if error were preserved, we see no reason why any probative value of a picture of blood found at the scene of the crime was substantially outweighed by the danger of unfair prejudice.

Page 81 of Volume 5 of the reporter's record shows us that the trial court overruled an objection made by defense counsel to State's Exhibit No. 26, a color autopsy photograph that was

3

introduced into evidence together with other color autopsy photographs. The record reflects that defense counsel's objection to the photograph was that its probative value was outweighed by its prejudicial value.

Admissibility of photographs is within the sound discretion of the trial court. *Rayford v. State*, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). Rule 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, or needless presentation of cumulative evidence. *Id.*; Rule 403. Rule 403 favors admissibility and contains a presumption that relevant evidence will be more probative than prejudicial. *Rayford*, 125 S.W.3d at 529. A trial court's decision will be upheld if it is within the zone of reasonable disagreement. *Id.* Autopsy photographs are generally admissible unless they depict mutilation caused by the autopsy itself. *Id.*

In his testimony to the jury, Dr. Nizam Peerwani, Medical Examiner for Tarrant County, discussed various autopsy photographs. In discussing the gunshots shown by the autopsy, Dr. Peerwani described two wounds, including a wound in the right mid-chest. He indicated that "this gunshot was slightly altered because there was a surgical incision made by the hospital at this point." Inasmuch as State's Exhibit No. 26 shows that there was only one gunshot wound in the complainant's mid-right chest and inasmuch as State's Exhibit No. 26 was the only autopsy picture showing what appears to be a surgical incision, we are of the opinion that Dr. Peerwani was describing the incision shown in that exhibit.

As with the other exhibits complained of by McGinnis, he makes no argument of prejudice specific to this photograph. Disregarding the surgical incision contained in State's Exhibit No. 26, the exhibit depicted the realities of the crime committed and was no more graphic than the rest of the photographs that were admitted into evidence. The presence of the incision was explained to the jury as being the result of medical intervention at the hospital where the complainant was taken. We hold that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice.

Pages 44 and 45 of Volume 6 of the reporter's record relate to the introduction into evidence of State's Exhibits Nos. 41 through 45, which constitute photographs of the residence where the

shooting occurred. Trial counsel for McGinnis presented a relevancy objection based upon TEX. R. EVID. 401. He made no objection that the probative value of the exhibits were substantially outweighed by the danger of unfair prejudice. Therefore, as previously noted with respect to one of the other exhibits of which McGinnis complains, nothing is presented for review.

On Page 153 of Volume 6 of the reporter's record, Mark Garza Jr., a cousin of the deceased, testified as follows:

Q. Okay. Now, at some point – How long have you known Jesse McGinnis?

A. I would say about a year and a half, two years.

Q. Okay. And how did you get to know him?

A. Through the County.

Q. Okay. Well, in other words, did y'all wind up in the same gang together?

A. Yeah.

Q. And how did y'all get in that gang?

A. Just by the people we hang around with.

Q. Okay. And what gang was that?

A. West Texas.

Following that exchange, counsel for McGinnis objected, stating, "Your Honor, I'm going to object to the relevancy and materiality. And [a TEX. R. EVID.] 803 test of probative versus prejudice." In response, the State started to say it went toward motive but was interrupted by counsel for McGinnis, who urged that the motive was "the girls fighting" and had nothing to do with gang-related activities. Therefore, he urged that it was a prejudicial effect that had no probative value. After the trial court overruled his objection, McGinnis's counsel obtained a limiting instruction from the court that the jury was to consider the testimony, "if for any reason, solely for the purposes of the motive, if any."

We first note that defense counsel's objection to the testimony concerning McGinnis's involvement with gangs was untimely because it was not made at the earliest opportunity. *See*

5

*Wilson*, 71 S.W.3d at 349.  Consequently, nothing is presented for review.  *Id*.  The trial court allowed the testimony as evidence of motive, instructing the jury not to consider the evidence for any other purpose.  McGinnis makes no argument or showing on this appeal that the evidence was inadmissible for that purpose and no specific argument why, if properly admitted for that purpose, its probative value was substantially outweighed by the danger of unfair prejudice.  We overrule Issue Two.

The judgment is affirmed.


PER CURIAM


June 25, 2009

Do not publish.    *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
Strange, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.