Opinion filed June 25, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 25,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00226-CR

                                                       ________

 

                                       JESSE
MCGINNIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District  Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. A-33,368

 



 

                                             M
E M O R A N D U M   O P I N I O N

Jesse
McGinnis appeals his conviction by a jury of the offense of murder.  The jury
assessed his punishment at life in the Texas Department of Criminal Justice,
Institutional Division, and a fine of $10,000.  He contends in two issues on
appeal that the trial court erred by overruling his objection to an argument
made by the State that commented on his failure to testify and that the trial
court abused its discretion by allowing certain exhibits into evidence because
the evidence was more prejudicial than probative.  We affirm.








McGinnis
contends in Issue One that the trial court erred by overruling his objection to
an argument made by the State that amounted to a comment on his failure Ato bring forth evidence in
the Guilt/Innocence Stage of the Trial.@ 
However, an examination of his argument reveals that his real issue in this
appeal is that the comment by counsel for the State was a comment on his
failure to testify.  A prosecutor=s
comment on a defendant=s
failure to testify offends both our state and federal constitutions, as well as
Tex. Code Crim. Proc. Ann. art.
38.08 (Vernon 2005).  Allen v. State, 693 S.W.2d 380, 385 (Tex. Crim.
App. 1984).  However, before a comment is  a comment on a defendant=s failure to testify, it
must either be manifestly intended as such a comment or of such a character
that the jury would naturally and necessarily take it to be a comment on the
defendant=s failure to
testify.  Id.

In
his opening statement, counsel for McGinnis stated that he expected the
evidence to show that McGinnis, on the night in question, acted in
self-defense.  In his closing statement, McGinnis=s
counsel argued that it was Johnny Oranday who had fired the fatal shots. 
Following that argument, counsel for the State argued, ALadies and gentlemen of the jury, what we say
here is not evidence.  What these lawyers say is not evidence.  And that is
probably a good thing because it seems that the Defense=s story has changed from the beginning of the
trial to the end.@ 
Counsel for McGinnis objected to the State=s
argument on the basis that it assumed that the defense had some burden to
produce a story.  After the objection, counsel for the State argued, AThey stated that Jesse
McGinnis did at the beginning of the trial, and it=s not in dispute, and now all of a sudden, Johnny
Oranday is the shooter.  What evidence do you have of that?@  The trial court overruled
McGinnis=s objection
that the State=s
counsel was attempting to put some burden on the defense to bring in evidence.








In
order for error to be preserved, the defendant=s
issue on appeal must comport with the objection made at trial.  Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  At trial, counsel for
McGinnis objected on the basis that, in the argument complained of, the State
was suggesting that the defense had some burden to produce evidence, whereas,
on appeal, McGinnis contends that the State=s
argument was a comment on his failure to testify.  Inasmuch as McGinnis=s issue on appeal does not
comport with the objection he made at trial, nothing is presented for review. 
We do not think McGinnis preserved error by cloaking his issue on appeal as one
in which the State=s
prosecutor commented on his failure to bring forth evidence when in reality the
issue he presents is that it was a comment on his failure to testify.

Even
if McGinnis=s
objection had preserved the issue for our review, the nature of the comment was
not such as was manifestly intended to be a comment on the defendant=s failure to testify or of
such a character that the jury would naturally and necessarily take it to be a
comment on the defendant=s
failure to testify.  Rather, as was the case in Allen, the comment
appeared to be a reference to the variance between defense counsel=s opening statement
virtually conceding that McGinnis was the shooter and his closing statement
asserting that someone else was the shooter.  McGinnis=s statement in his brief to the effect that
the prosecutor used body language and gestured at McGinnis is not supported by
the record.  We overrule Issue One.

McGinnis
urges in Issue Two that the trial court abused its discretion by allowing the
admission of various State=s
exhibits, over objection, because the evidentiary value of the evidence was
clearly more prejudicial than probative.  Although counsel does not directly
specify the exhibits to which the issue relates, he does refer us to the
following pages of the record:  ARR
V. 4 pg. 71; V. 5 pg. 81; V. 6 pg. 44-45; V. 6 pg. 152-53.@

Page
71 of Volume 4 of the reporter=s
record shows us that counsel for defense had an objection to State=s Exhibit No. 10, a
photograph of a blood pool on pavement.  Although one of the attorneys for the
State said, A[W]e=ve got the objections to
State=s Exhibit 10 on
the record,@ McGinnis
does not refer us to where on the record such an objection is stated.  He also
makes no specific argument, with respect to this exhibit, as to why its
probative value is substantially outweighed by the danger of unfair prejudice. 
He does make a general argument that this and the other evidence of which he
complains constitutes evidence whose probative value is substantially
outweighed by the danger of unfair prejudice.  Inasmuch as the record presented
to us presents no Tex. R. Evid.
403 objection to State=s
Exhibit No. 10, nothing is preserved for review.  Bell v. State, 938
S.W.2d 35, 49 (Tex. Crim. App. 1996).   Even if error were preserved, we see no
reason why any probative value of a picture of blood found at the scene of the
crime was substantially outweighed by the danger of unfair prejudice.








Page
81 of Volume 5 of the reporter=s
record shows us that the trial court overruled an objection made by defense
counsel to State=s
Exhibit No. 26, a color autopsy photograph that was introduced into evidence
together with other color autopsy photographs.  The record reflects that defense
counsel=s objection to
the photograph was that its probative value was outweighed by its prejudicial
value.

Admissibility
of photographs is within the sound discretion of the trial court.  Rayford
v. State, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003).  Rule 403 provides
that even relevant evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury or by consideration of undue delay, or needless
presentation of cumulative evidence.  Id.; Rule 403.  Rule 403 favors
admissibility and contains a presumption that relevant evidence will be more
probative than prejudicial. Rayford, 125 S.W.3d at 529.  A trial court=s decision will be upheld
if it is within the zone of reasonable disagreement.  Id.  Autopsy
photographs are generally admissible unless they depict mutilation caused by
the autopsy itself.  Id.

In
his testimony to the jury, Dr. Nizam Peerwani, Medical Examiner for Tarrant
County, discussed various autopsy photographs.  In discussing the gunshots
shown by the autopsy, Dr. Peerwani described two wounds, including a wound
in the right mid-chest.  He indicated that Athis
gunshot was slightly altered because there was a surgical incision made by the
hospital at this point.@ 
Inasmuch as State=s
Exhibit No. 26 shows that there was only one gunshot wound in the complainant=s mid-right chest and
inasmuch as State=s
Exhibit No. 26 was the only autopsy picture showing what appears to be a
surgical incision, we are of the opinion that Dr. Peerwani was describing the
incision shown in that exhibit.

As
with the other exhibits complained of by McGinnis, he makes no argument of
prejudice specific to this photograph.  Disregarding the surgical incision
contained in State=s
Exhibit No. 26, the exhibit depicted the realities of the crime committed and
was no more graphic than the rest of the photographs that were admitted into
evidence.  The presence of the incision was explained to the jury as being the
result of medical intervention at the hospital where the complainant was
taken.  We hold that the probative value of the testimony was not substantially
outweighed by the danger of unfair prejudice.  








            Pages
44 and 45 of Volume 6 of the reporter=s
record relate to the introduction into evidence of State=s Exhibits Nos. 41 through 45, which
constitute photographs of the residence where the shooting occurred.  Trial
counsel for McGinnis presented a relevancy objection based upon Tex. R. Evid. 401.  He made no
objection that the probative value of the exhibits were substantially
outweighed by the danger of unfair prejudice.  Therefore, as previously noted
with respect to one of the other exhibits of which McGinnis complains, nothing
is presented for review.

On
Page 153 of Volume 6 of the reporter=s
record, Mark Garza Jr., a cousin of the deceased, testified as follows:

Q. Okay.  Now, at
some point B How long
have you known Jesse McGinnis?

 

A. I would say about
a year and a half, two years.

 

Q. Okay.  And how
did you get to know him?  

 

A. Through the
County.

 

Q. Okay.  Well, in
other words, did y=all
wind up in the same gang together?

 

A. Yeah. 

 

Q. And how did y=all get in that gang?

 

A. Just by the
people we hang around with.

 

Q. Okay.  And what
gang was that?

 

A. West Texas.

 

Following
that exchange, counsel for McGinnis objected, stating, AYour Honor, I=m
going to object to the relevancy and materiality.  And [a Tex. R. Evid.] 803 test of probative
versus prejudice.@  In
response, the State started to say it went toward motive but was interrupted by
counsel for McGinnis, who urged that the motive was Athe girls fighting@ and had nothing to do with gang-related
activities.  Therefore, he urged that it was a prejudicial effect that had no
probative value. After the trial court overruled his objection, McGinnis=s counsel obtained a
limiting instruction from the court that the jury was to consider the
testimony, Aif for any
reason, solely for the purposes of the motive, if any.@








We
first note that defense counsel=s
objection to the testimony concerning McGinnis=s
involvement with gangs was untimely because it was not made at the earliest
opportunity.  See Wilson, 71 S.W.3d at 349.  Consequently, nothing is
presented for review.  Id.  The trial court allowed the testimony as
evidence of motive, instructing the jury not to consider the evidence for any
other purpose.  McGinnis makes no argument or showing on this appeal that the
evidence was inadmissible for that purpose and no specific argument why, if
properly admitted for that purpose, its probative value was substantially
outweighed by the danger of unfair prejudice.  We overrule Issue Two.

The
judgment is affirmed.

 

 

PER CURIAM

 

June 25, 2009

Do not
publish.    See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.